### ROEMER v. PEDDIE and others.[1]

### SAME v. HEADLEY.

*(Circuit Court, S. D. New York. June 3, 1886.)*

1. PATENTS FOR INVENTIONS — NOVELTY — LOCK AND HANDLE FOR TRAVELING BAGS.

   Letters patent No. 195,233, of September 18, 1877, to William Roemer, for improvement in combined lock and handle for traveling bags, *held* valid; following *Roemer* v. *Simon,* 20 Fed. Rep. 197.

2. SAME—ACCEPTANCE OF NARROW CLAIMS.

   A patentee is bound by his claims. If he acquiesces in a rejection of broad ·claims, and accepts claims for his specific construction, he cannot be heard to enlarge the scope of his patent by construction, so as to cover devices not within its terms.

3. SAME—CONSTRUCTION OF CLAIM.

   This patent construed, and *held* limited to the patentee's particular construction, and not infringed by defendant's lock-case, which had an extended bottom plate; the patentee having amended his application so as to dispense with a bottom plate.

In Equity.

*Sanford H. Steele,* for orator.

*J. E. Hindon Hyde,* for defendants.

WHEELER, J. This patent was held valid in *Roemer* v. *Simon,* 20 Fed. Rep. 197. No good reason for changing that conclusion has been made to appear, and it is followed now. The only question left is whether the defendants infringe. The improvement patented consists essentially in extending the sides of the lock-case to hold the handle rings of traveling bags. The bottom plate of the lock had before been extended for that purpose. By the improvement the bottom plate could be dispensed with, and the side walls of the lock-case made both to inclose the lock and hold the handle rings. The defendants use the same thing to hold the handle rings, but place the lock above it, and do not use it for the side walls of the lock-case. It becomes, by the use which they make of it, an extended bottom plate to the lock, of an improved form. If this piece was patented, and the patent is valid to cover it, the defendants do infringe. The file-wrapper and contents are made a part of the case. From them it appears that the orator, in his application for this patent, at first applied for a patent covering the combination of the lockcase with the handle rings. His claim was rejected on a reference to patent No. 177,020, granted to William Simon, which covered an extended bottom plate to the lock, to hold the handles. The claim was amended, and again rejected on the same reference, and was not granted until the specification was amended to dispense with an extended bottom plate to the lock, and the claim was confined to a

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

lock-case with notched sides near its ends, to receive and hold the handle rings. This piece, which the defendants use, was the same before as after these amendments. The patent-office would not grant a patent for it generally in combination with the handle rings, but only specifically when used for the sides of the lock-case and for the handle rings. The orator accepted the patent narrowed in that manner, and cannot now be heard to claim that it is any more broad than that in its scope.

He invented this particular form of lock-case, and his patent is for that only, and it cannot be construed to cover anything else. *Railway Co.* v. *Sayles,* 97 U. S. 554. The defendants do not use his lock-case, but use an extended bottom plate like his lock-case. It has been argued ingeniously and with plausibility that the same thing is used under a merely different name; but this argument is not in reality well founded. The patent was for a lock-case, not only in name, but in substance. The defendants do not use this lock-case. They evade the patent, not by a mere colorable, but by a substantial evasion.

Let decrees be entered that the defendants do not infringe, and that the bill be dismissed, with costs.