## DRYFOOS *v.* WIESE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued December 14, 1887. — Decided January 9, 1888.

Claim 2 of reissued letters-patent No. 9097, granted to Louis Dryfoos, assignee of August Beck, February 24, 1880, for an " improvement in quilting machines," namely, " 2. The combination, with a series of vertically reciprocating needles mounted in a laterally reciprocating sewing-frame, of conical feed-rolls, and mechanism for causing them to act intermittingly during the intervals between the formation of stitches, substantially as herein shown and described," is not infringed by a machine which has no conical rollers, but has short cylindrical feed-rollers at each edge of the goods, which they feed in a circular direction by moving at different rates of speed constantly, the needles having a forward movement corresponding to that of the cloth while the needles are in it, nor by a machine which has the well-known sewing-machine four-motion feed, which is capable of feeding in a circular direction by lengthening the feed at the longest edge of the goods.

BILL IN EQUITY to restrain alleged infringements of letters-patent. Decree dismissing the bill, from which complainant appealed. The case is stated in the opinion of the court.

*Mr. Edmund Wetmore* for appellant.

No appearance for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity brought in the Circuit Court of the United States for the Southern District of New York, by Louis Dryfoos against William Wiese, for the infringement of reissued letters-patent No. 9097, granted to said Dryfoos, assignee of August Beck, February 24, 1880, for an "improvement in quilting machines," on an application for a reissue filed January 24, 1880, the original patent, No. 190,184, having been granted to Louis Dryfoos and Joseph Dryfoos, as assignees of Beck, May 1, 1877, on an application filed February 27, 1877. Joseph Dryfoos assigned all his interest to Louis Dryfoos, and the patent was reissued to Louis Dryfoos January 29, 1878, as No. 8063, on an application filed January 2, 1878.

There are six claims in the second reissue, but the bill alleges infringement only of claim 1, and prays for an injunction only as to claim 1. The plaintiff's proofs, however, were directed to showing an infringement of claims 1 and 2.

The Circuit Court, 22 Blatchford, 19, considered the case in respect to both claim 1 and claim 2. It held the second reissue to be invalid in respect to claim 1, and to be valid as to claim 2; but it held that the defendant had not infringed claim 2, and dismissed the bill. From that decree the plaintiff has appealed.

In the opinion of the Circuit Court, delivered by Judge Wheeler, the questions involved are so well stated that we adopt his language, as follows: "The invention was and is stated, in the original and reissues, to be of improvements on the quilting machine shown in letters-patent No. 159,884, dated February 16, 1875, granted to the same inventor," (that is, to Louis Dryfoos, as assignee of Beck, as inventor). "That machine was for quilting by gangs of needles in zigzag parallel lines, and was fed by cylindrical rolls having an intermittent

rotary motion, which would move the cloth while the needles were out of it, and could be arranged to feed in straight lines, direct or oblique. The original of the patent in suit showed different mechanism for actuating the feed-rolls so that the length of stitch could be varied at pleasure, and conical rolls having an intermittent motion to feed the conical bodies of skirts and skirt-borders in a circular direction, when the needles were out of the cloth, as well as cylindrical rolls for straight goods, and other improvements upon other parts of the machine, and had claims for the feed mechanism, and improvements upon the other parts of the machine, but none for the conical feed-rolls. The first reissue further described the conical feed-rolls as made of such taper as to conform to the shape of the skirt or border to be quilted, and claimed the combination of the series of needles with the conical feed-rolls acting intermittently, in place of one of the other claims. The reissue in suit still further describes the conical feed-rolls as the embodiment of a feed device which extends substantially throughout the width of the conical strip of goods, and, as it departs from the shorter curved edge and approaches the longer curved edge, is adapted to have a proportionately increased range of feed movement, so that it will feed the conical strip of goods in the requisite curved path evenly and without any injurious strain or drag; and further claims the combination with the gang of sewing mechanisms, and the cloth-plate which supports the goods under them, of a feed device operating intermittingly in the intervals between the formation of the stitches, which extends and operates substantially across the conical strip of goods, and which, as it departs from the shorter curved edge, and approaches the longer curved edge, of the goods, is adapted to have a proportionately increased range of feed movement. The defendant is engaged in using a quilting machine for quilting conical goods, having a gang of needles, and short cylindrical feed-rollers at each edge of the goods, which they feed in a circular direction, by moving at different rates of speed constantly, the needles having a forward movement corresponding to that of the cloth while in it; and, also, one with a four-motion feed, which is

capable of feeding in a circular direction, by lengthening the feed at the longest edge of the goods, but is not shown to have been so used, or intended to be so used. The validity of the reissue and infringement of it, if valid, are denied." The Circuit Court then proceeds: "Beck well appears to have meritoriously invented effective means for giving circular direction to the feed of quilting machines having gangs of needles for quilting several parallel seams. He set forth these means in the specifications and drawings of his original patent, and seems to have been well entitled to then have a patent for them, and for the combination of the mechanism with the gang of needles. But he does not appear to have been entitled to a patent for merely giving such direction to such feed-motion apart from the mechanism, nor to the process of operation of his mechanism for giving such direction. Neither could he claim the combination of mechanism not then known, or its processes, with the needles. He invented his own mechanism, and the combination of that with the coöperating parts of the machine, and nothing more; and seems to have been entitled to a patent for those and no more. The first reissue was within a few months of the original, and before others appear to have done anything in that region of invention, and seems to have been well enough. The second reissue was more than two years after the original, but, whether too long after or not, was, in effect, for the combination of the gang of needles and cloth-plate with any feeding mechanism which would reach across the cloth and feed the long side faster than the other. This was, clearly, beyond the invention shown in the original, and, except as to the mechanism shown in the original, beyond the invention in every way. This claim of the reissue is, therefore, wholly invalid."

Claims 1 and 2 in the second reissue are as follows:

"1. In a machine for quilting conical strips of goods, the combination, with the series or gang of sewing mechanisms and the cloth-plate which supports the goods under the action of the same, of a feed device operating intermittingly in the intervals between the formation of the stitches, which extends and operates substantially across, or from edge to edge of,

the conical strip of goods, and which, as it departs from the shorter curved edge and approaches the longer curved edge of said goods, is adapted to have a proportionately increased range of feed-movement, substantially as and for the purposes set forth.

"2. The combination, with a series of vertically reciprocating needles mounted in a laterally reciprocating sewing-frame, of conical feed-rolls, and mechanism for causing them to act intermittingly during the intervals between the formation of stitches, substantially as herein shown and described."

Claim 1 is not brought before us by the counsel for the appellant, for, in his brief, he states that it is only necessary to consider claim 2, for the reason that, if claim 1, first introduced into the second reissue, is broader than claim 2, (which is substantially in the same language as claim 1 of the first reissue,) it is an unlawful expansion, introduced nearly three years after the original patent was granted; and that, if the defendant has not infringed claim 2 of the second reissue, he has infringed no lawful claim of it. We therefore make no ruling as to claim 1.

As to claim 2, the Circuit Court held that, as it was valid as claim 1 of the first reissue, in the form in which it there appeared, and was brought forward into the second reissue, as claim 2 thereof, in substantially the same language, it was not made invalid by the fact that claim 1 of the second reissue was invalid; and that the plaintiff appeared, therefore, to be entitled to a monopoly of the conical feed-rollers in claim 2.

On the question of the infringement of claim 2, the Circuit Court held, that neither one of the defendant's machines above described infringed that claim, because neither one of those machines had conical rollers, nor any of the other mechanism of the plaintiff; that what the defendant did was not to divide the plaintiff's conical feed-rollers into sections or parts, in such manner as to make the parts the equivalent of the whole; but that the plaintiff's machine gave the circular direction to the goods by mechanism which accomplished the result in one way, while in the defendant's machines the result was accomplished by different mechanism in a different way. We are of opinion that this view of the case was correct.

The specification of the second reissue states that Beck's feed device "extends substantially throughout the width of the conical strip of goods;" that, as such feed device "departs from the shorter curved edge and approaches the longer curved edge of the goods," it "is adapted to have a proportionately increased range of feed-movement;" that such feed device "consists, as is shown in the drawings, of feed-rolls H, which are made of conical shape, and of such taper or relative diameters at their respective ends as to conform to the shape of the skirt or border to be quilted." In one of the defendant's machines there are short cylindrical feed-rollers at each edge of the goods, which they feed in a circular direction by moving at different rates of speed constantly, the needles having a forward movement corresponding to that of the cloth while the needles are in it. The other one of the defendant's machines has the well-known sewing-machine four-motion feed, which is capable of feeding in a circular direction by lengthening the feed at the longest edge of the goods. Neither of these machines has any such conical rollers as are found in the plaintiff's patent, and are particularly specified as an element in claim 2 of the second reissue.

It is contended for the plaintiff, that, as Beck was the first to devise a combination the gist of which is a feed feeding faster at one end than at the other, with a laterally moving gang or series of needles, and an intermittent feed when the needles are out of the stitches, he is entitled to cover all variations in the form of the feed, so long as by any means it operates to feed faster at one end than at the other; and that, if that result is accomplished, the mechanism must be an equivalent for that of the plaintiff.

The plaintiff's patent must be limited to the mechanism described and claimed by him, and cannot be extended so as to cover all mechanism for giving a circular direction to the feed-motion, nor to the process of operation of the mechanism described in his patent; and the defendant's mechanism, in each form of his machine, cannot be regarded as merely an equivalent for the plaintiff's mechanism. The case is substantially like that of *Yale Lock Co.* v. *Sargent*, 117 U. S. 373.

There the claim of the patent, which was for an improvement in permutation locks; claimed the arrangement of two or more rollers, of varying eccentricity, resting upon the periphery of a cam, for the purpose of preventing the picking of the lock. In the defendant's lock, the rollers were indentical with each other in eccentricity and shape, but it was claimed by the plaintiff that, when in revolution, they varied in eccentricity in reference to the cam which operated them, so that, in action, their eccentricity varied, and the same result was produced. But this court held that the description in the patent, and the claim, required that the variation of eccentricity should be between the rollers themselves, and not a variation in action in reference to the cam; that, although the same result might be produced, it was not produced by the same means; and that there was no infringement.

*Decree affirmed.*