MASTEN v. HUNT et al.

(Circuit Court of Appeals, First Circuit. April 13, 1893.)

No. 40.

1. PATENTS FOR INVENTIONS—CONSTRUCTION OF CLAIM—COMBINATION.
  Letters patent No. 321,833, issued July 7, 1885, to Cornelius E. Masten, for a firecracker, covers, in claim 1, the match, B, the fuse, C, in combination with the solid plug, D, and body, A, substantially as set forth. The specification makes no reference to the prior state of the art, and merely states that the invention produces "a more desirable article" "than is now in ordinary use," without particularizing the points constituting the improvement. *Held*, that the presumption of novelty applies to the combination as a whole, and, in the absence of evidence as to the prior state of the art the court has no power to declare that the match, B, or its equivalent was not essential, and to hold that a like cracker, with a continuous fuse, is an infringement. 51 Fed. Rep. 216, affirmed.

2. SAME.
  The use of the conjunction "and" between the words "match, B," and "fuse, C," does not show that the match and fuse constitute but one element, of which a continuous fuse would be the equivalent. 51 Fed. Rep. 216, affirmed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

In Equity. This was a suit by Cornelius E. Masten against Edward S. Hunt and others for the infringement of letters patent No. 321,833, issued July 7, 1885, for a firecracker. The circuit court, dismissed the bill; its opinion, which is adopted by the circuit

court of appeals, together with a full statement of the facts of the case, being reported in 51 Fed. Rep. 216. The complainant appeals. Affirmed.

Charles C. Morgan and John S. Richardson, for appellant.
James E. Maynadier, for appellees.

Before COLT, Circuit Judge, and NELSON and WEBB, District Judges.

NELSON, District Judge. We agree with the learned circuit judge who decided this case in the court below, for the reasons given in his opinion, which we adopt as the opinion of this court, that the appellant has shown no infringement of his patent by the appellees. A common safety fuse inserted through a plug, such as is used by the appellees in the manufacture of cannon crackers,—a device as old as the art of blasting,—cannot possibly be an equivalent for the combined fuse and match described in the first claim of the patent.

Decree affirmed.