UNITED STATES PEG WOOD, SHANK & LEATHER BOARD CO. v.
B. F. STURTEVANT CO.

(Circuit Court, D. Massachusetts. March 25, 1903.)

No. 1,596.

1. PATENTS—CONSTRUCTION OF CLAIMS—COMBINATION.
Where a claim of a patent covers a combination of elements in a machine, without using language indicating that any one element is more or less important than another, a court is not authorized to hold any element nonessential.

2. SAME—INFRINGEMENT—VENEER CUTTING MACHINES.
In the Lewis patent, No. 609,513, for a veneer cutting machine, in view of the history of the application in the patent office, the pivoted clamp, the actuating screw, and the grooves, forming the specified means for holding the presser bar and the chamfering tools together, are essential elements of the combination described, and the patent is not infringed by a machine which does not contain such parts nor their equivalents.

In Equity. Suit for infringement of letters patent No. 609,513, for a veneer cutting machine, granted to George Ezra Morton Lewis, August 23, 1898. On final hearing.

James E. Maynadier and George A. Rockwell, for complainant.
Elmer P. Howe and Benjamin Phillips, for defendant.

HALE, District Judge. This suit is brought for infringement of letters patent No. 609,513, dated August 23, 1898, to George Ezra Morton Lewis, for a veneer cutting machine. The defenses set up are anticipation and noninfringement. The patent has a single claim:

"In a veneer cutting machine, the knife-block, and a curved knife blade secured thereto, combined with the knife-block provided with grooves, e, the pivoted clamp, the screw, Q, the presser bar, g, held in position by the clamp, the two chamfering knives placed in grooves in the block, A, and held in position by the presser bar, and the screws, f, for adjusting them, substantially as shown and described."

In considering the question of infringement, the construction of this claim is involved. The defendant admits the use of machines which embody many of the specific elements of this claim. The evidence in the case does not satisfy the court, however, that the defendant has made use of any machine which embodies the pivoted clamp, B, the screw, Q, and the grooves, e. The machines which the defendant is proved to have used are provided with a direct-acting clamp, and do not have the pivoted clamp and its co-operating elements. The use of the pivoted clamp with the screw and the grooves is for the purpose of removing the chamfering knives from the front of the machine without removing the clamp. Such clamp, with the screw which actuates it, and with the grooves which receive and guide the shanks of the chamfering knives, form the specific means for holding the presser bar and the chamfering tools together. In the machines which the defendant is proved to have used, the pivoted clamp, the actuating screw, and the grooves are all absent, and, in the opinion of the court, no equivalent means are found to perform their functions. Instead of a pivoted clamp the defendant used the direct clamp, and

instead of grooves the defendant used apparatus which did not guide or confine in any way the shanks of the chamfering knives, these knives being held in position by wedges.   Some of the advantages of the pivoted clamp and actuating screw, according to the expert testimony, are that, by loosening the screw, the near cutting knife being first removed, the chamfering knives and presser bar may be readily removed from the front of the machine.   The appliances of the defendant's machines do not appear to secure these advantages.

Are the pivoted clamp, the screw, Q, and the grooves, e, an essential part of the above claim?   In examining this question, we find some light by studying the history of the application for, and the issue of, the patent in suit.   It appears from the evidence that the specification of this patent, as originally filed, contains the following statement here as to the prior art and as to the scope of the invention:

"Previous to my invention, veneers were cut with a straight knife and a corresponding straight-faced presser bar, and all veneers requiring chamfering were chamfered by a second and separate process after coming from the cutting machine.   I do not confine my invention to the use of both chamfering knives simultaneously, but either one or the other may be used, as the purpose for which the veneer is intended may require; neither do I confine my invention to the use of the curved cutting knife only in connection with the chamfering knives, as straight knives may be used in connection therewith when desirable; neither do I limit my invention of the curved knife and curved presser bar to be used only and exclusively in connection with chamfering knives; and I am aware that cutting straight veneers from a revolving bolt is not new, and I therefore do not claim such alone as my invention."

The original claims were as follows:

"(1) In a veneer cutting machine the combination of the curved cutting knife blade, b, with the curved presser bar, g, and the chamfering knives, dd, substantially as shown, and for the purpose described.
"(2) In a veneer cutting machine the combination of the curved knife blade, b, and the curved presser bar, g, substantially as described.
"(3) In a veneer cutting machine the combination of a cutting knife blade with a chamfering knife or chamfering knives, substantially as and for the purpose hereinbefore described and set forth."

Upon this specification and these claims, after examination, the Patent Office rejected the patent on the strength of certain anticipatory patents, named by the Patent Office in its notice of rejection.   Some of these anticipatory patents are set up as a part of the defense in the case at bar on the question of anticipation.   After this rejection by the Patent Office, and when the question of the patentability of the invention was in issue between the office and the applicant, the applicant, Lewis, amended his specification, as is shown by the testimony, by striking out his original statement as to the state of the prior art, and as to the scope of his invention, and by striking out the three original claims above quoted.   He appears to have accepted the position of the Patent Office with reference to the question of anticipation. He then sought to develop more fully the clamp, and to amplify the description in the specification of the specific means for holding the tools in place.   In the original specification this clamp was described thus:   "B is a clamp which holds the presser bar, g, and the chamfer-

ing knives, dd, rigidly in place." After the rejection of the claim, the patentee inserted the following description of the clamp, B, in his specification; and this forms a part of the specification of the patent: "This clamp is pivoted at P, and its pressure upon the presser bar, g, is controlled by the set screw, Q, which passes through the outer end of the knife-block A." With this amplification of the description of this specific form of clamp and its actuating screw, he laid the foundation for making the clamp and the controlling appliances leading features of his combination and of the claim; and he inserted the claim of the patent precisely as it now exists, in which the pivoted clamp, the grooves, and the actuating screw form the specific means for holding the presser bar and the chamfering tools together, and are made direct and positive elements.

This insertion in the claim of the screw, the clamp, and the grooves appears to have been the inducement which led to the granting of the patent. It will be seen that the patent as granted does not contain in its specifications any reference to the state of the art, but leaves the description of the invention as found in the present specifications, and the definition of the invention as found in the present claim. Upon a careful examination of the claim and the specifications, especially in the light of the history that we have cited, the court is of the opinion that the pivoted clamp, the actuating screw, and the grooves do form essential parts of the claim in complainant's patent. The learned counsel for the complainant now claim substantially that the clamp, the screw, and the grooves may be interpreted to mean any "devices to hold the presser bar and chamfering knives on the upper portion of the knife block in the described relation to the main knife, and each to the other." But if this interpretation had been sought when the patent was applied for, we do not believe that such interpretation and the insertion of this general language would have led to the granting of the patent. Language so broad and general would not sufficiently inform the Patent Office, and does not sufficiently inform the court, of the particular combination of elements which the patentee claims as his invention.

It is not contended that this is a primary patent presenting a broad, pioneer invention. Neither the specifications nor the drawings indicate any radical departure in construction or operation from veneer cutting machines of the prior art. The patentee has used no language indicating that any element recited in the claim is more or less essential than any other element. In this class of patents each constructor is entitled to his own individual combination of old elements to reach a new and useful result, according to the well-known principle, which is clearly stated in the recent case of Ide v. Thorlicht, Duncker & Renard Carpet Co., 53 C. C. A. 341, 115 Fed. 137. Under this rule the court is of the opinion that the defendant has a right to the combination which it has used in its machines, and does not thereby infringe the specific combination of the claim at issue.

In coming to this conclusion, we have obtained much guidance from the very clear opinion of Judge Putnam in Masten v. Hunt (C. C.) 51 Fed. 218. That case presents many elements of similarity to the case at bar. Judge Putnam says:

"The specifications make no reference to the state of the art, and do not particularize in what respect complainant's combination was an improvement. * * * Therefore there is nothing upon the face of the patent from which the court can infer that any element in the combination is more or less essential or important than any other. * * * It seems to me I have no power to pronounce any element more or less essential than others, or to declare that any division or subdivision appearing upon the face of the claim is unimportant."

Judge Putnam cites the case of McClain v. Ortmayer, 141 U. S. 423, 12 Sup. Ct. 77, 35 L. Ed. 800, in which Mr. Justice Brown, in announcing the opinion of the Supreme Court, says:

"The object of the patent law in requiring the patentee to particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery, is not only to secure to him all to which he is entitled, but to apprise the public of what is still open to them. The claim is the measure of his right to relief, and, while the specification may be referred to to limit the claim, it can never be made available to expand it. * * * If the language of the specifications and claim shows clearly what he desired to secure as a monopoly, nothing can be held to be an infringement which does not fall within the terms the patentee has himself chosen to express his invention."

This case also cites the leading case of Vance v. Campbell, 1 Black, 427, 17 L. Ed. 168, in which the court announced the principle—

"That where a patentee declares upon a combination of elements which he asserts constitutes the novelty of his invention, he cannot, in his proofs, abandon a part of such combination, and maintain his claim to the rest."

Mr. Justice Bradley, in the Corn Planter Case, 23 Wall. 181, 23 L. Ed. 161, puts clearly this principle:

"Where a patentee, after describing a machine, claims as his invention a certain combination of elements, or a certain device, or part of the machine, this is an implied declaration, as conclusive, so far as that patent is concerned, as if it were expressed, that the specific combination or thing claimed is the only part which the patentee regards as new."

The case at bar seems to us to enforce the principles laid down in these cases which we have cited. A claim for a combination is not infringed if any one of the specified elements of such combination is omitted, without substitution of anything equivalent thereto. The court is of the opinion that the pivoted clamp, the actuating screw, and the grooves are essential elements of the combination, that there has been no infringement by the defendant of a combination containing these elements, and no substitution for these elements of anything equivalent thereto. It appears, from the history which we have cited in this opinion, that the patentee, in order to obtain his patent, imposed upon himself certain limitations and qualifications, namely, the pivoted clamp, the actuating screw, and the grooves; that he did this deliberately, and while the issue of patentability was pending between him and the Patent Office. Having thus imposed these limitations and qualifications upon himself in the obtaining of his patent, he cannot be allowed to escape from them when the patent is construed.

In view of the finding of the court that the defendant has not infringed the combination set forth in complainant's claim, it is not necessary to discuss in detail the question of anticipation. It is

enough to say that if the general construction of the claim contended for by the complainant were accepted by the court, then the testimony in the case would clearly lead us to the conclusion that anticipation has been proved; but, with the stricter construction of the claim which we adopt, we think that the question of anticipation is avoided. It is sufficient for the decision of the cause to say that, in our opinion, the claim of complainant's patent in suit has not been infringed by the defendant.

The decree must be that the bill be dismissed, with costs. Let the defendant file a draft decree on or before April 5, 1903, dismissing the bill, with costs. The complainant may file corrections thereto, on or before April 18, 1903.