UNITED STATES PEG–WOOD, SHANK & LEATHER BOARD CO. v.
B. F. STURTEVANT CO.

(Circuit Court of Appeals, First Circuit. October 16, 1903.)

No. 481.

1. PATENTS—INFRINGEMENT—VENEER-CUTTING MACHINES.
        The Lewis patent, No. 609,513, for a veneer-cutting machine, construed, and *held* limited to the particular combination described, and, as so limited, not infringed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 122 Fed. 476.

James E. Maynadier and George A. Rockwell, for appellant.
Elmer P. Howe and Benjamin Phillips, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This case relates to an alleged infringement of letters patent No. 609,513, for improvements in veneer-cutting machines, issued to George E. M. Lewis under date of August 23, 1898, on an application filed on August 9, 1897. There is only one claim, as follows:

"In a veneer-cutting machine, the knife-block, and a curved knife-blade secured thereto, combined with the knife-block provided with grooves, e, the pivoted clamp, the screw, Q, the presser-bar, g, held in position by the clamp, the two chamfering knives placed in grooves in the block, A, and held in position by the presser-bar, and the screws, f, for adjusting them, substantially as shown and described."

The question is that of infringement, which depends on the nature of Mr. Lewis's invention, and the construction, in the light thereof, to be given to the claim in issue. The specification states the objects of the invention to have been two, of which we need refer to only one, as follows: "To provide means by which a curved or straight veneer can be cut and chamfered on either one or both edges to a desired

bevel by the simultaneous use of different knives." This is put at bar by the complainant in different ways, but, among the rest, it is said that the operation of cutting veneer and chamfering the edges by the combined and simultaneous action of the various knives of the machine and the presser-bar, constitutes the functional novelty. The effect of this proposition, if sustained, would be that any machine which has the elements thus specified would infringe, whatever might be the means for holding the various parts in the relative operative positions required.

On the other hand, the claim expressly enumerates as elements "grooves, e," a "pivoted clamp," a "screw, Q," and a presser-bar "held in position by the clamp." The specification also contains the following:

"This clamp is pivoted at P, and its pressure upon the presser-bar, g, is controlled by the set-screw, Q, which passes through the outer end of the knife-block, A."

The learned judge who decided the case in the Circuit Court (122 Fed. 476) found that the respondent's machine did not embody a pivoted clamp, the screw, Q, or the grooves referred to in the specification, and that it used a direct acting clamp. He also found that the use of the patentee's pivoted clamp, with the screw, Q, and the grooves, was to facilitate removing the chamfering knives from the front of the machine without removing the clamp, and that the respondent had no equivalent means which would give it the same advantages. The record sustains these findings. The only question is whether the claim can be construed, in the light of the nature of the invention and of the specification, to cover all means for holding the parts in their relative operative positions, as maintained by the complainant at bar. If it cannot, the decree of the Circuit Court dismissing the bill must be affirmed.

Bearing on this question there are two propositions. One is that on the face of the patent the claim is so positively limited that it cannot be construed to sustain the case; and the other is that, in the light of what occurred in the Patent Office with reference to this patent, the inventor consented that his claim should have a literal, narrow construction. Bearing on questions of this character are lines of cases which illustrate the extreme rules of construction one way and the other. In Reece Buttonhole Machine Company v. Globe Buttonhole Machine Company, 61 Fed. 958, 10 C. C. A. 194, the specification, and also the claims, detailed certain directions relating to the mere order of the arrangement of the machine, which were clearly not essential to its functions, and which also had no relation to the invention which it embodied. The respondent made use of all the elements of the complainant's invention, but reversed the described arrangement of mechanical parts, and thus evaded only the mere letter of the specification and claims. The invention marked a very decided advance in the art, and was of great merit. We held that to construe the claims as urged by the respondent was, in the light of the context, unreasonable; and again, that, although the described order of the mechanical parts was reversed, the rule of equivalents protected the inventor.

On the other hand, among cases which run to the other extreme, where the range of equivalents is held to be very narrow, are Masten v. Hunt (C. C.) 51 Fed. 216, 55 Fed. 78, 5 C. C. A. 42; Ball & Socket Fastener Co. v. Ball Glove Fastening Co., 58 Fed. 818, 7 C. C. A. 498; Ball & Socket Fastener Co. v. C. A. Edgarton Mfg. Co., 96 Fed. 489, 493, 37 C. C. A. 523; and Millard v. Chase, 108 Fed. 399, 47 C. C. A. 429. In some of this class the nature of the invention prohibited anything except the narrowest range of equivalents, it being a practical rule that the range is proportionate to the extent of the invention; but some are within the expressions in the Reece Case, at pages 961 and 962, to the effect that words and phrases which might have been omitted may be so introduced as to leave the courts no option except to regard them as limitations.

When the application for the patent in suit was first filed it contained three claims. The first was for a combination in a veneer-cutting machine, in general terms, of a curved-cutting knife-blade, a curved presser-bar, and two chamfering knives. This is precisely what the complainant now maintains it is entitled to cover. The second was for a combination, in a veneer-cutting machine, in general terms, of a curved knife-blade and a curved presser-bar. The third was for a combination, in a veneer-cutting machine, in general terms, of a curved knife-blade with a chamfering knife or knives. The learned judge who sat in the Circuit Court carefully explained the proceedings in the Patent Office, showing how the patent came into its present form; and he held that the patentee was estopped thereby from maintaining that any machine infringed which did not have the details which we have said are not found in the respondent's machine. The rule on this topic laid down in the Reece Case, at pages 968 and 969, is to the effect that, in order that the proceedings in the Patent Office should positively operate as a waiver or estoppel, they must relate to the pith and marrow of the alleged improvement, and be understandingly and deliberately assented to. This rule has been many times approved by the federal courts. Perhaps as good a commentary on it as can be found is in Magic Light Co. v. Economy Gas-Lamp Co., 97 Fed. 87, 91, 38 C. C. A. 56, decided by the Circuit Court of Appeals for the Seventh Circuit, and in Paxton v. Brinton, 107 Fed. 137, 138, decided by Judge Dallas in the Circuit Court for the Eastern District of Pennsylvania.

Applying these observations, we find that what occurred in the Patent Office did not relate to the pith of the complainant's invention as now maintained. The application was rejected in general terms on various references. The letter of rejection closed as follows: "It being held that there is no invention, in view of the well-known art in veneer cutting, to employ a presser-bar of the same shape as the knife." No other ground of objection was specifically stated. In this way the Patent Office put its finger on only the second claim as originally drawn, which had no relation to the alleged invention in issue here. It in no way touched the claims which covered combinations of a cutting knife with chamfering knives, with or without a presser-bar. Yet for some reason which the record does not explain, the patentee not only abandoned the second claim as originally drawn,

but introduced, both into the specification and into the claim now in issue, the details which we have pointed out. Therefore we come to the question within which of the two rules of construction stated in the following extracts from the Reece Case (already cited) 61 Fed. 958, found at pages 960 and 961, the patent at bar must be held to fall, namely:

"The ordinary rule that if, by a literal construction, an instrument would be rendered frivolous and ineffectual, and its apparent object frustrated, a different exposition will be applied if it can be supported by anything in it, requires that words which relate to what may be held nonessentials, however much multiplied, shall not be permitted unnecessarily to control the sense. For the most part, such words are merely illustrative, or are used through inadvertence. On the other hand, it is true that words and phrases which might have been omitted on the presumption that they relate to nonessentials may be introduced in such direct and positive manner as to leave the courts no option except to regard them as affecting the objects and limitations of the instrument in question."

The most that the inventor in the present case can claim is that he pointed out a way in which the two processes of cutting veneers and chamfering can be combined. It might almost be said that any skilled machinist, accustomed to manufacturing machines for cutting veneers, to whom it might occur that it was desirable to simultaneously cut and chamfer, would easily have found a method of accomplishing that purpose. This, of course, does not absolutely contravene the fact that what the inventor in this case did was invention; but it leaves it a very narrow one in a narrow art. In view of this fact, and looking at the specific and precise language of the specification and claim, we would not be justified in holding that a "literal construction" can be avoided; nor could we be relieved from holding that the phraseology was "introduced in such a direct and positive manner" as to leave us no option except to give full effect to it. The patentee has expressly made the pivoted clamp an element of the claim in issue. We are of the opinion that the conclusions of the Circuit Court were correct.

The decree of the Circuit Court is affirmed, and the appellee will recover its costs of appeal.