### NUTTER et al. v. BROWN et al.

#### (Circuit Court, D. Massachusetts. July 28, 1899.)

#### No. 1,038.

PATENTS—CONSTRUCTION AND INFRINGEMENT—BICYCLE BELLS.

Claims 1 and 8 of the Ericson patent, No. 491,012, for a bicycle bell which is sounded by bringing a friction roller into contact with the tire of the wheel, are limited, when construed in connection with the specification, to a device having an oscillatory plate or disk which carries both the striker and the operating mechanism therefor; and these claims are not infringed by the bell of the Barker patent, No. 608,146.

This was a suit in equity by Charles A. Nutter and others against John G. Brown and others for alleged infringement of a patent for a bicycle bell.

James E. Maynadier and William Maynadier, for complainants.
Charles L. Burdett, for defendants.

BROWN, District Judge. This suit is for infringement of letters patent No. 491,012, issued January 31, 1893, to Lewis E. Ericson, for a bicycle bell. The patent describes a bell which is sounded by bringing a friction roller into contact with the tire of the bicycle wheel. This type of bell is not new with the patentee. In the specification the inventor says:

"My invention consists essentially in an oscillatory plate or disk carrying the striker and operating mechanism therefor; said plate or disk, by its movement, being adapted to throw its striker-operating mechanism into and out of engagement with the bicycle wheel, to actuate it or to allow it to remain at rest."

It is also said:

"Carried by the plate is the swinging striker H, adapted to strike the gong."

The drawings clearly show this construction. I am satisfied, therefore, that a device in which the oscillatory plate or disk does not carry both the striker and the operating mechanism therefor does not infringe the complainants' patent.

In the defendants' bell there is no oscillatory plate that carries both the striker and the operating mechanism for the striker. The complainants contend, however, that the defendants' device has what

is an equivalent of the complainants' oscillatory plate, and that because this equivalent carries the operating mechanism of the striker, there is infringement, though the striker itself is mounted upon an independent fixed plate having no oscillatory movement. The defendants' bicycle bell is described in letters patent No. 608,146, to W. H. Barker, dated July 26, 1898; and the differences and resemblances of the two devices are sufficiently illustrated by the drawings of the respective patents.

The complainants rely upon a special construction of claim 1:

"(1) In a bell for bicycles and other velocipedes an oscillatory plate or disk mounted to turn in the rear of the gong, and complementary striking mechanism carried by said plate and adapted by the movement thereof to be thrown into and out of action by contact with and removal from the bicycle or velocipede wheel."

They contend that the words "complementary striking mechanism" are applicable to a mere part of the striking mechanism; and it is urged that otherwise the word "complementary" is of no effect. Upon the complainants' contention the expression "complementary striking mechanism," used in claim 1, may be equivalent to the phrase "operating mechanism for the striker." I do not think this construction tenable. That which is carried by the defendants' oscillatory arm or plate cannot be termed "striking mechanism," since it cannot strike the bell. The mechanism described in claim 1 as carried by the oscillatory plate must be not only complementary mechanism, but complementary striking mechanism. The term "striking mechanism" properly includes the friction-wheel that takes power from the bicycle-tire, the swinging striker, and the parts intermediate. The term "complementary" indicates that the striking mechanism, when added to the bell, and to the oscillatory plate mounted in the rear of the gong, completes the full operative bicycle bell. This is a more natural interpretation of the word "complementary" than that which would hold it to signify a part of the striking mechanism, or that part of the striking mechanism which operates the striker.

The eighth claim is as follows:

"(8) In a bicycle bell, the combination of the oscillating plate or disk with the rear of the gong and provided with a striker having a pivoted handle, the rotating cam operating on the handle to force the striker back, the spring for throwing it forward and the fixed stop for arresting the spring, substantially as and for the purpose herein described."

While it is doubtful whether the language of this claim is sufficiently definite to constitute a valid claim, yet if we concede validity we are obliged to resort to the specification to learn whether it is a bicycle bell that is "provided with a striker having a pivoted handle," or the oscillating plate; and we think that the specification, with its express statement that "my invention consists essentially in an oscillatory plate or disk carrying the striker and operating mechanism therefor," controls the eighth claim as well as the first.

In view of the conclusions, as to the construction of the patent, and the finding that the defendants' device does not infringe the claims when properly construed, I do not deem it necessary to consider the

serious question whether in view of the prior and closely approximating devices the complainants' device is entitled to the protection of letters patent. The bill will be dismissed.