### CHATILLON v. FORSCHNER et al.

(Circuit Court, S. D. New York. August 7, 1899.)

1. PATENTS—INVENTION—ANALOGOUS USE.

　　It being old in the arts to use a metal ring, rim, or band to protect porcelain and other frangible plate, and also to prevent the chipping or cracking of enameled metal vessels, there is no invention in simply applying to an enameled flanged scale pan a protecting metal ring which overlaps the edge of the pan and the bottom edge of the flange.

2. SAME—SCALE PANS.

　　The Chatillon patent, No. 304,172, for an improvement in scale pans, is void for want of invention.

This was a suit in equity by George H. Chatillon against George Forschner and Richard Forschner for alleged infringement of a patent for an infringement in scale pans.

Kenyon & Kenyon, for complainant.

Edwin H. Brown and W. L. Goldsborough, for defendants.

TOWNSEND, District Judge. At final hearing on bill and answer herein the defendants deny patentable novelty in and infringement of patent No. 304,172, issued August 26, 1884, to complainant for a scale pan. Complainant, in support of the claim of patentable novelty, proves the following facts: (1) Defects in prior scale pans, which had existed for many years, and were remedied by this device; (2) general acquiescence; (3) the extreme delicacy of adhesion of porcelain to metal; (4) the difficulty of connecting the suspension hoop to the pan and the solution thereof by the addition of a protecting ring to said pan; (5) the objection obviated of lodgment of meat, blood, and other matter in cracks and crevices which interfered with proper cleansing. The other contentions, based on allegations of increased sales and on expert opinions, are not sufficiently supported.

The answer to the forcible argument of counsel for complainant is found in the patent itself. All that the patentee attempted to cover by his first claim was a combination with his brother's old enameled

flanged scale pan "of a protecting ring, which overlaps the edge of the scale pan and the bottom edge of the flange." In his specification, after stating that during the past 11 years they have sold a very large number of his brother's scale pans, he says:

"But in many cases we have found that the enamel on the outer surface of the downwardly-projecting flange, and particularly on the edge of the scale pan, is liable to become broken and worn. The object of my present invention is to avoid this disadvantage by applying to the downwardly-projecting flange of the scale pan a protecting ring, which overlaps the edge of the scale pan, and also the bottom edge of the flange. This protecting-ring also affords additional strength to the connections between the suspension-hoop and the scale pan."

Can it involve invention worthy of the reward of a monopoly of 17 years to put a binding or frame about an article to protect it from wear and tear and breakage? If the court should not take judicial notice that this is a well-known expedient, it might be enlightened by patent No. 95,742, to Stevens, which claimed "a porcelain or other frangible plate with a metal band, rim, or clamp spun upon the flange thereof," and states that a "slight blow   *   *   *   will often disfigure and mar it by chipping off the enamel or vitreous glazing on the surface;   *   *   *   that the inequalities of the chipped or injured places retain the impurities, and are hard to reach so as to free them properly of the minute accumulations therein"; and that his invention is designed to prevent the destruction of, and to protect, said plates. The Manning patent of 1877 is a further answer to complainant's contention, for it covers an enameled metal vessel protected against chipping and cracking by a metal ring.

Counsel for complainant attempts to meet this evidence by the claim that the patents cited are not in an analogous art. But, even if the application of a metal rim to a plate were not analogous to its application to a scale pan, this would not be material, provided such operation were common to the general field of arts. Manufacturing Co. v. Holtzer, 15 C. C. A. 63, 67 Fed. 910. If the mechanic is directed to protect a picture, he frames it; or a garment, he binds it. The metal rim of the scale pan is no more different in construction or function from the frame of mirror or placque than from the prior Manning coffee pot, as to which complainant's expert admits that "the object stated in the Manning patent, No. 189,762, to be gained by placing the metal ring around the rim of the bottom, and the bottom edge, of the pot of that patent, is to protect the pot from injuries caused by the chipping or cracking of the vitreous material on the surface of the pot." Counsel for complainant further contends that enameled metal is a different substance from the porcelain of the Stevens plate, with different vibrations, and different coefficients of cohesion. But, granting this to be so, the use of a protecting ring is merely the application of an old device to a new material without any new or unexpected result. The object is the same,—protection; the means the same,—a ring; the result the same,—continued cohesion and increased strength; and, further, the prevention. as stated in the Stevens specification and in complainant's brief,—of "cracks and crevices" which "afford lodgment for particles,   *   *   *   and thus prevent

the proper cleansing." Finally, counsel for complainant argues that this patent in fact provides the ring as a new strengthening fastener for the hoop, and permits a construction of the scale pan which dispenses with the necessity of using enamel on the edge of the face and on the flange of the scale pan. But neither of these objects is claimed by the patentee. He says, on the contrary, that the object of his invention is, inter alia, to protect "the enamel on the outer surface of the downwardly-projecting flange, and particularly on the edge of the scale pan." The defendants manufacture scale pans in accordance with the specifications of patent No. 571,157, issued to George S. Forschner, November 10, 1896. The only material difference between their construction and that of the patent in suit is that the latter shows a flange integral with the scale pan, while defendants' flange is not integral, and, in consequence thereof, is claimed to have different functions.

In view of the conclusions already stated, it is unnecessary to discuss the claim of noninfringement on this ground, or the defenses of mere aggregation and of two years' public use and sale before the application. Let the bill be dismissed.