NUTTER et al. v. BROWN et al.

(Circuit Court of Appeals, First Circuit. January 2, 1900.)

No. 307.

1. PATENTS—INFRINGEMENT—CONSTRUCTION OF CLAIM.

Where a patentee does not show what are the real use and extent of his alleged improvements, so as to enable the court to see that they have made a substantial advance in the art, it cannot broaden the claims of the patent as to equivalents to cover anything which does not respond precisely to the form and letter of the patent.

2. SAME—COMMERCIAL SUCCESS.

Where the public use of a patented article shown relates to an indiscriminate use, rather than to use by manufacturers and other persons engaged in the art, it is not of especial value to the court in a suit upon the patent.

3. SAME—INFRINGEMENT—BICYCLE BELLS.

Claims 1 and 8 of the Ericson patent, No. 491,012, for a bicycle bell, which is sounded by bringing a friction roller into contact with the tire of the wheel, *held* limited, under the evidence, to the precise construction shown, and not infringed by the bell of the Barker patent, No. 608,146.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

James E. & William Maynadier, for appellants.
Charles L. Burdett, for appellees.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. This appeal relates to a patent issued to Lewis E. Ericson on January 31, 1893, on an application filed on April 25, 1892. Claims 1 and 8 are the only ones in issue. Claim 1 is as follows:

· "In a bell for bicycles and other velocipedes, an oscillatory plate or disk mounted to turn in the rear of the gong, and complementary striking mechanism carried by said plate, and adapted by the movement thereof to be thrown into and out of action by contact with and removal from the bicycle or velocipede wheel."

As to claim 8, the complainants, now the appellants, say correctly that it is a combination of the first claim with certain other described mechanism. Therefore, if the alleged infringing device does not infringe the first claim, it cannot infringe claim 8.

There is a lack of anything in the record showing what is the pith of the alleged invention covered by claim 1, or what was the real advance in the art, if any, which it accomplished. All that appears in the patent about it is as follows:

"My invention relates to that class of bells for bicycles and other velocipedes in which the sounding of the bell is due to the frictional contact of the wheel of the machine with power-transmitting connections. My invention consists essentially in an oscillatory plate or disk carrying the striker and operating mechanism therefor, said plate or disk, by its movement, being adapted to throw its striker-operating mechanism into and out of engagement with the bicycle wheel, to actuate it or to allow it to remain at rest. It also consists in the novel constructions, combinations, and arrangements hereinafter fully described and specifically pointed out in the claims. The object of my invention is to provide a simple, compact, and effective bell for bicycles and other velocipedes, which can be readily adjusted to the machine, and which can be thrown into and out of action with ease and rapidity."

The appellants, at the hearing, said:

"The main novelty of the bell described in the patent in suit is that it is the only bell of its class in which the friction roller can be brought into and out of contact with the bicycle wheel by simply swinging a disk or lever, all the parts except those carried by the disk or lever being carried by the rigid bracket which is rigidly secured to the frame of the bicycle."

This, however, must relate to the device as shown by the entire patent, including all the claims. However this may be, the proposition contains nothing which, of itself, involves invention. The prior art in this class of bells, as the complainants maintain, put the movable point so as to oscillate the whole bell; the complainants changed it so that only the striking mechanism oscillated; and the respondents put it still further from the bicycle frame. Whether these changes cover anything of a substantial character, or whether they relate to mere detail of form, or to mere convenience, or to mere matter of fancy, the proofs in this record do not show. In Manufacturing Co. v. Holtzer, 15 C. C. A. 63, 67 Fed. 907, decided by us on April 16, 1895, it was said, at page 64, 15 C. C. A., and page 908, 67 Fed., that "the right to improve on prior devices, by making solid castings in lieu of constructions of attached parts, is so universal in the arts as to have become a common one, so that the burden rests on any one who sets up this improvement in any particular instance as patentable to show special reasons to support his claim." So, by parity of reasoning, it is so common in the arts to shift the movable point, when there is a movable point, that the mere statement that it is shifted will not enable the court to pronounce that there has been a substantial advance in the arts.

Therefore, so far as claim 1 is concerned, we are left without anything beyond what is presumed from the issue of the patent, in favor of either novelty or invention. Consequently, we are governed by the rule applied by us in Masten v. Hunt, 5 C. C. A. 42, 55 Fed. 78, and in Ball & Socket-Fastener Co. v. C. A. Edgarton Mfg. Co., 37 C. C. A. 523, 527, 96 Fed. 489, 493, as follows:

"The patentee did not show the court what were the real use and extent of his alleged improvement, and therefore the court was unable to find infringement in anything which did not respond precisely to the form and letter of the patent."

Applying this rule, we find, among the elements expressly stated in claim 1, "an oscillatory plate or disk, * * * and complementary striking mechanism carried by said plate"; and it becomes impossible for us to hold that anything is an infringement which does not strictly embody these two elements, or to broaden out the claim so as to accept as equivalents what we might have been justified in accepting, if it had been shown by the record that the improvements had made a substantial advance in the art. Instead of "an oscillatory plate or disk," carrying the striking mechanism, we find that the respondents' "plate or disk" is rigidly secured to the frame, and that all which oscillates is the friction wheel, with its incidental parts. Therefore, on any construction which we can give the claim in view of what we have said, it is impossible to hold that the respondents' device infringes.

The appellants, however, lay stress on the word "complementary," found in the claim, and they maintain that, by force of this word, the claim is satisfied if any portion of the mechanism required to be operated in sounding the gong is mounted on an "oscillatory plate or disk"; and, further, that the oscillatory lever, which, in the respondents' device, carries the friction wheel, is such "oscillatory plate or disk." There is no doubt that the oscillatory lever might be regarded as the equivalent of the complainants' "plate or disk"; but, whatever meanings can be given to the word "complementary," no reasonable construction of claim 1, in view of the fact that it must be limited, as we have said, to the mere matters of detail shown by it, can have any relation to an "oscillatory plate or disk" which does not carry the substantial portions of the striking mechanism, but only what sets the striker in motion.

The appellants urge upon us the very common argument based on extensive public use. Public use, so far as any is shown, may have relation to other elements of their device than those covered by claim 1; and, as it relates to an indiscriminate use rather than to use by manufacturers and other persons engaged in the art, it can, in no event, be that kind of public use which the courts regard as of especial value in patent suits. This topic is disposed of by the limitations which we have put on the application of propositions of this character in De Loriea v. Whitney, 11 C. C. A. 355, 63 Fed. 611, 621; Manufacturing Co. v. Holtzer, 15 C. C. A. 63, 67 Fed. 907, 908; Bates v. Keith (C. C.) 82 Fed. 100, 104, affirmed 28 C. C. A. 638, 84 Fed. 1014. The court below held correctly that there was no infringement as alleged in the bill.

The decree of the circuit court is affirmed, and the costs of appeal are awarded to the appellees.