NUTTER et al. v. MOSSBERG et al.

(Circuit Court, D. Massachusetts.  May 26, 1902.)

No. 1,288.

1. PATENTS—INFRINGEMENT—BICYCLE BELLS.

Claims 1, 2, 3, and 4 of the Ericson patent, No. 491,012, for a bicycle bell, are valid, and are infringed by the bell of the Mossberg & Brink patent, No. 622,159, which is substantially similar in mechanical construction to that of Ericson, the differences being only variations of form, which, if not merely colorable, are unimportant.

In Equity.  Suit for infringement of letters patent No. 491,012, issued January 31, 1893, to Lewis E. Ericson for a bicycle bell.  On final hearing.

J. E. Maynadier and G. A. Rockwell, for complainants.
Wm. R. Tillinghast, for defendants.

BROWN, District Judge.  This suit is for infringement of letters patent No. 491,012, dated January 31, 1893, to Lewis E. Ericson, for an improvement in bicycle bells.  This patent has been before this court (Nutter v. Brown, 96 Fed. 229), and before the circuit court of appeals (39 C. C. A. 332, 98 Fed. 892).

Claims 1, 2, 3, and 4 are in suit:

"(1) In a bell for bicycles and other velocipedes, an oscillatory plate or disk mounted to turn in the rear of the gong. and complementary striking mechanism carried by said plate, and adapted by the movement thereof to be thrown into and out of action by contract with and removal from the bicycle or velocipede wheel.

"(2) In combination with a gong carried by the frame of a bicycle or other velocipede, an oscillatory plate or disk carrying a striker adapted to operate on said gong, mechanism carried by said plate or disk for transmitting the power of the bicycle or velocipede wheel to operate the striker, and means for turning said plate or disk to throw its power transmitting mechanism into and out of contact with said wheel, substantially as herein described.

"(3) In combination with a gong carried by the frame of a bicycle or other velocipede, an oscillatory plate or disk fitted and adapted to turn freely in the inner side of the gong, and carrying a striker adapted to operate on said gong, mechanism carried by said plate or disk for transmitting the power of the bicycle or velocipede wheel to operate the striker, and means for turning said plate or disk to throw its power transmitting mechanism into and out of contact with said wheel, substantially as herein described.

"(4) A bell for bicycles and other velocipedes consisting of a bracket secured to the fork of the machine and extending beside its wheel, a gong supported upon the outer end of the bracket, a plate or disk centrally pivoted on the outer end of the bracket and fitted and adapted to turn freely in the inner side of the gong and carrying a striker adapted to operate on said gong, mechanism carried by said plate or disk for transmitting the power of the bicycle or velocipede wheel to operate the striker, and means for turning said plate or disk to throw its power transmitting mechanism into and out of contact with said wheel, substantially as herein described."

The specification states:

"My invention consists essentially in an oscillatory plate or disk carrying the striker and operating mechanism therefor, said plate or disk by its movement being adapted to throw its striker operating mechanism into and out

of engagement with the bicycle wheel to actuate it or to allow it to remain at rest."

It is agreed that this oscillatory plate or disk is the essential feature of the invention. It is also apparent that the adoption of this plate, which performs the function of a lever, permitted a novel arrangement of gong, striking mechanism, and friction roll in relation to each other.

The oscillatory plate described and shown in the patent and drawings is a lever centrally or axially pivoted. Upon one side of the pivot is the friction roll, which is operated by a cord attached to a projection on the plate at the opposite side of the pivot. The plate of the complainants is not only a lever, but, as it is circular in shape and fits closely within the gong, serves also as a cap. The specification states: "This plate is adapted to have an axial or rotary oscillating movement," etc. The defendants' bell has a lever which, as a lever, is the complete mechanical equivalent of the complainants' lever, and which also permits a substantially similar arrangement of gong, striking mechanism, and friction roll. It is not a disk, and does not serve as a cap; but it is a plate pivoted in substantially the same manner, and has at one side of the pivot the friction roll, and at the other a projection for the attachment of a cord. This is clearly shown in the defendants' patent No. 622,159, dated March 28, 1899, to Mossberg & Brink, as well as in the exhibits.

The defendants have, then, an oscillatory axially mounted plate or lever. Can they escape infringement because the plate is not a disk, and does not serve as a cap or cover? I am of the opinion that they cannot. In the opinion of the circuit court of appeals in Nutter v. Brown, 39 C. C. A. 332, 98 Fed. 892, it was said: "There is no doubt that the oscillatory lever might be regarded as the equivalent of the complainant's plate or disk." The cap or cover function is not claimed or described as an essential feature of the invention, and, if it were, I do not think that the patent could be evaded by cutting out all parts of the disk save those necessary for the lever function, and providing an independent cover. This is substantially what the defendants have done, and this must be regarded as a mere immaterial variation of form.

Nor does it seem of any consequence that the gong of the defendants moves with the plate. The free turning of the rotary lever or plate is not affected or modified by the turning of the gong, and no difference in function results from so attaching the gong that it is movable with the plate. The complainants' bell is equally operative when the gong moves with the plate and when it does not.

Nor do I think that the defendants' disclosure of the prior art compels me to give so limited a construction to the patent that these defendants can escape infringement, though they have adopted the complainants' oscillatory lever, and substantially the whole construction. Though it was old to operate striking mechanism through a lever which applied a friction roll to a tire, Ericson's special form of lever, and the special arrangement of parts resulting from his adoption of this lever, are not shown to have been anticipated or to lack invention. On the contrary, the various prior inventions show

that what Ericson's patent discloses was not merely an obvious mechanical improvement, but an invention of merit, though in a somewhat limited field; and that his special form of lever, and novel arrangement of the lever with the gong, striking mechanism, and friction roll, were novel and useful in the art, and patentable. Ericson's patent shows an advance in compactness, simplicity of construction, and accuracy of action over anything in the prior art. If the defendants' bells have had a commercial success dependent upon their mechanical construction, it would seem to have been due rather to the fact that they embody the invention of Ericson than to any differences of construction originating with the defendants. I am of the opinion that the claims in suit, when fairly construed in connection with the specification, are valid, and that the defendants' bells are an infringement of these claims, and mechanically are substantially similar to the Ericson bell, the differences being variations of form which, if not merely colorable, are at least unimportant.

The decree will be for the complainants.