NUTTER et al v. MOSSBERG et al.

(Circuit Court, D. Massachusetts. February 25, 1904.)

No. 1,288.

1. PATENTS—INFRINGEMENT—BICYCLE BELLS.

    The Ericson patent, No. 491,012, for a bicycle bell, was not anticipated, shows patentable invention, and is valid. Claims 1, 2, 3, and 4 also *held* infringed by the bell of the Mossberg & Brink patent, No. 622,159.

In Equity. Suit for infringement of letters patent No. 491,012 for a bicycle bell granted to Lewis E. Ericson, January 31, 1893. On supplemental bill filed by defendants. For former opinion, see 116 Fed. 488.

James E. Maynadier and George A. Rockwell, for complainants.

William R. Tillinghast, Benjamin Phillips, and Alfred H. Hildreth, for defendants.

BROWN, District Judge. The opinion previously filed in this case (116 Fed. 488) held that claims 1, 2, 3, and 4 of the Ericson patent, No. 491,012, were valid and were infringed. By supplemental bill the prior art was enlarged by the introduction of the Hill & Tolman bell. In this bell the striking mechanism is located inside the gong, and certain advantages—compactness, simplicity, and durability—are secured. The very close analysis which defendants' counsel have made of the claims of the Ericson patent, and of the various mechanisms, serves to confirm the opinion that Ericson made an invention of merit, since, after all that has been so carefully shown, it still appears that Ericson did what had not been done before, and that what he did involved invention and constituted an improvement in the art. It also appears that his claims, distinctly considered, are fair and valid, and are infringed.

The Hill & Tolman bell is a complete bell attached to a lever pivoted outside the bell. One end of the lever is operated by the hand; the other is expanded into a circular disk or plate, and fits closely within the rim of the gong without touching the same. The striking mechanism is located within the gong, less than half the operating roller being the only portion of the striking mechanism which projects outside the gong; and it is true, as counsel say, that the bell as a whole is compact, and the operating parts are well protected from injury and from dust and moisture. While the exhibit shows a long lever arm which detracts from the compactness, it is obvious that this might be shortened, and the bell be operated by a cord, without substantial change. Were this arm shortened. it would still be necessary to pivot the entire bell outside the rim of the gong, and to move the bell bodily to and from the tire, in order to operate the striking mechanism by contact of the ·friction roll with the tire. The bell thus falls into the class of bells referred to in the opinion of the Circuit Court of Appeals of this circuit in Nutter v. Brown, 98 Fed. 892, 893, 39 C. C. A. 332:

"The prior art in this class of bells, as the complainants maintain, put the movable point so as to oscillate the whole of the bell; the complainants changed it so that only the striking mechanism oscillated."

It is said upon the defendants' brief:

"The question now to be decided by this court is whether or not it constitutes invention to transfer this pivotal point from a position without the rim of the gong to a position within the same and at or near the center, and whether or not the claims of the Ericson patent can be construed to cover this arrangement."

What Ericson did, however, obviously was more than to transfer a pivotal point from a position without the rim of the gong to a position within the same; for, assuming that Ericson had before him the Hill & Tolman bell, an advance that he made was to dispense with Hill & Tolman's lever, and to convert the disk-shaped end of Hill & Tolman's lever into a rotary lever, which did not bear the weight of the bell and move the bell bodily, but merely rotated or oscillated the striking mechanism within the bell. He thus relieved the lever of the weight of the bell, and, by pivoting his lever centrally with the bell, secured the desired effect in an ingenious and novel way.

In the previous opinion reference was made to the fact that in the defendants' device the gong partakes of the rotary movement of the lever, and it was held that this was immaterial. I still adhere to this view. The Ericson bell does not move out of its own location. It is held stationary, in a fixed position, and would still be fixed and stationary, within the fair meaning of these terms, though the gong were made to perform a revolution or a partial revolution within its fixed location. The Hill & Tolman bell has a bodily movement through the air, like that of a pendulum. One of the defendants' exhibits has a gong which partakes of the rotary movement of the lever, which we have held to be substantially the lever of Ericson. It revolves on its own location; it does not, like the Hill & Tolman bell, move bodily. It makes no difference to the operation of the Ericson bell whether the gong moves with the lever or whether it does not. The important thing is the lever movement, and this the defendants' bell has, despite the immaterial movement of the gong with the lever. Another exhibit of the defendants shows different pivots for the gong and for the lever, and there results a slight bodily movement in addition to the rotary movement of the bell; but this is a trifling variation, which effects no substantial change from Ericson. The movement of the lever in this exhibit is not such a movement as is suggested by anything else in the prior art, and is such a movement as is suggested by Ericson. These matters need not be considered further. They are not substantial, either mechanically or verbally.

In claim 1 of the Ericson patent occur the words, "an oscillatory plate or disk mounted to turn in the rear of the gong." There is no part in the Hill & Tolman bell which is fairly within this language, which well describes Ericson's lever; and, even if this language were not sufficient to describe Ericson's novel lever, yet, when construed in connection with the specification, it clearly distinguishes his device from Hill & Tolman's. Furthermore, the Ericson patent contains a very clear description of the thing which Ericson made, and the thing which he made is a very different thing from what Hill & Tolman made.

Claim 2 is of greater breadth, and the specific location of the plate or disk is not set forth in terms; but even this claim, construed in

connection with the specification and drawings, is not invalid for excessive breadth. The words, "a gong carried by the frame of a bicycle or other velocipede," are not fairly applicable to a gong carried upon one end of a lever attached to the frame of a bicycle, as in Hill & Tolman. These words refer to the lack of bodily movement of the gong of Ericson's bell, and to its confinement to its own location, and distinguish the bell from that of Hill & Tolman.

In claim 3 occur the words, "an oscillatory plate or disk fitted and adapted to turn freely in the inner side of the gong." These words are inapplicable to the lever of Hill & Tolman, and are applicable to the defendants' device. If the Ericson bell were changed by placing the attachment pin for the cord at the edge of the plate, and by putting the disk far enough from the rim of the gong to enable the pin to turn freely, these words would still be applicable, and they are applicable to the defendants' structure. Such a change is an immaterial variation.

In claim 4 are the words, "a plate or disk centrally pivoted on the outer end of the bracket, and fitted and adapted to turn freely in the inner side of the gong." Centrally pivoted does not mean, necessarily, pivoted in the exact center, upon a literal reading. The word "central" is defined as "placed at or near the center."

The German patent to Kuhrt & Schilling, No. 43,908, is again referred to. It is said that the Hill & Tolman bell was introduced to remove the contention that Ericson is entitled to credit for the improvement of placing the striking mechanism within the gong. But, even if it be assumed that Ericson had before him both the German bell and the Hill & Tolman bell, a mere aggregation of their respective features would not have produced his bell. Ericson's bell, though it possesses features shown in the Hill & Tolman bell, and features resembling in a broad mechanical sense those of the German bell, is nevertheless a new combination possessing the advantages of both, and operating by means not shown in either. It is a device more compact and more practical than either. Upon a somewhat extended acquaintance with this bell from this and previous hearings, I am inclined to appreciate the cleverness and novelty of Ericson's arrangement, rather than to regard him as one who merely borrowed from the prior art.

I have considered carefully the language of the Circuit Court of Appeals in Nutter v. Brown, 98 Fed. 892, 39 C. C. A. 332, referring to the necessity of proof to show that a change of a movable point is more than a mere detail of form, convenience, or fancy. To relieve the lever of the weight of the bell, to place the lever substantially within the gong, to put the weight of the gong on the support which carries the lever, to confine the bell to a fixed location, where it is well balanced, are substantial features which have been appropriated by the defendants, as appears by reference to their patent No. 622,159, to Mossberg & Brink.

Certain suggestions are made upon the complainants' brief as to the orders to be entered in this case and as to costs. These matters may be reserved, to be considered on motion for the entry of a decree. The defendants will take nothing by their supplemental bill.

A draft decree may be presented accordingly.