### LAWSON v. METAL PRODUCTS CORPORATION.

(Circuit Court of Appeals, First Circuit.  November 13, 1913.)

No. 1,022.

PATENTS (§ 328*)—INVENTION—GEM SETTING.
> The Lawson patent, No. 983,295, for an improved gem setting, *held* void for lack of patentable invention in view of the prior art. Consolidated Electric Company v. Holtzer, 67 Fed. 907, 15 C. C. A. 63, applied.

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Suit in equity by James W. Lawson against the Metal Products Corporation. Decree (203 Fed. 284) for defendant, and complainant appeals. Affirmed.

Howard A. Lamprey and Wilmarth H. Thurston, both of Providence, R. I., for appellant.

Alexander P. Browne, of Boston, Mass., for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. This is a suit brought for the infringement of Letters Patent No. 983,295, issued to James W. Lawson

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on February 7, 1911. There are three claims, but the only one brought to our attention is No. 3, as follows:

"(3) The improved gem-setting herein described consisting of a body portion having an internal seat adapted to receive a gem, an integral flange extending from the top outline of said seat, and ornamental structures extending integrally from the base of said body portion and from the outer surface thereof and in a plane substantially parallel to the plane passing through said seat, substantially as and for the purpose set forth."

The specification says as follows:

"My invention relates to an improvement in jewel-settings, and has for its object the making of various connections and ornaments integral with the box-setting or gem-setting now in common use."

So far as this common use is concerned, it is only necessary to refer to the patent issued to George William Dover, No. 795,109, of July 18, 1905, which contains everything claimed by the patentee here, except what is covered by the words in claim 3, as follows:

"And ornamental structures extending integrally from the base of said body portion and from the outer surface thereof, and in a plane substantially parallel to the plane passing through said seat."

The District Court dismissed the bill for want of patentability, without reference to the question of infringement, basing the want of patentability upon the Dover patent. In reply on this appeal the complainant says that the propositions on which the District Court dismissed the bill were not admissible because the answer failed to allege invalidity. It is true that the answer does not deny the validity of the patent in the usual terms; but the first paragraph thereof sufficiently denies patentability in view of the general state of the art, although not sufficiently with reference to the special defense of anticipation.

The learned judge of the District Court evidently thought that the Dover patent showed a construction which did not completely anticipate the patent in suit because it did not cover ornamental extensions which were integral with the box-settings. That was the way he described the addition made by the patent in suit to the prior art. If there was no such addition, then the Dover device was properly an anticipation. If he was in error about this, then we must apply the rule we will explain as follows: Walker on Patents (4th Ed. 1904) § 599, explained with reference to cases in which the court will take judicial notice of the matter of patentability. The propositions stated by Mr. Walker are very carefully guarded and properly limited. We think this case comes within those propositions with all their limitations. The alleged invention comes down to a mere matter of building solid what was formerly soldered together. In Consolidated Electric Company v. Holtzer (decided April 16, 1895) 67 Fed. 907, 908, 15 C. C. A. 63, 64, where the matter came directly in issue, we said:

"The right to improve on prior devices by making solid castings in lieu of constructions of attached parts is so universal in the arts as to have become a common one, so that the burden rests on any one who sets up this improvement, in any particular instance, as patentable, to show special reasons to support his claim."

This means that the right to improve in the way stated is a public right of which no patentee or judicial tribunal can justly deprive the public. This rule was applied by Judge Townsend in Chatillon v. Forschner (C. C.) on August 7, 1899, by an opinion published in 96 Fed. 342, 343, where it is evident that he was of the opinion that he might take judicial notice of this proposition; and he added that it was not material that the arts referred to were not analogous, provided the devices "were common to the general field of arts"; and he thereupon cited our own decision we have referred to. The case was reaffirmed by us in Nutter v. Brown (announced on January 2, 1900) 98 Fed. 892, 893, 39 C. C. A. 332, and in United States Peg-wood Co. v. Sturtevant Co. (announced on October 6, 1903) 125 Fed. 378, 381, 60 C. C. A. 244. The same rule was stated and applied with amplification in Standard Co. v. Caster Co. by the Circuit Court of Appeals in the Sixth Circuit, in a decision passed down on December 17, 1901, 113 Fed. 162, 165, 166, 51 C. C. A. 109, where the Holtzer Case was again cited and applied, and also some other decisions, including one of the Supreme Court. The Holtzer Case was again cited and applied as a general rule in General Electric Co. v. Yost Co. by the Circuit Court of Appeals in the Second Circuit, on May 24, 1905, 139 Fed. 568, 570, 71 C. C. A. 552, in a very important and thoroughly considered opinion. The same rule has been elsewhere several times applied and never doubted, so far as we can discover. In accordance with the recognized usage, where a specific rule of this kind has been several times accepted without question by courts of authority, it becomes a matter presumably of judicial cognizance and one, therefore, which may be applied to patents under the present circumstances.

Whether the making solid is by actual casting or by stamping is, of course, prima facie immaterial.

It is apparent that there is some question with reference to the tools and other mechanisms which were most available for completing, under all circumstances, some of the specimens of gem-setting which the complainant offered to the public; but the patent in this case is strictly limited to a product, some examples of which, moreover, could be produced by the older tools; and therefore we have no occasion to deal with the mechanism or mechanisms which various manufacturers might use in preparing this product for the market.

The decree of the District Court is affirmed; and the appellee recovers its costs of appeal.